[Civ. No. 8465.    Fourth Dist., Div. One.    Feb. 17, 1967.]

FRANCES HERNANDEZ et al., Plaintiffs and Appellants,
v. IMPERIAL IRRIGATION DISTRICT, Defendant
and Respondent.

Plourd & Heim, Lewis A. Plourd and Lonnie B. Springer, Jr., for Plaintiffs and Appellants.

Horton, Knox, Carter & Rutherford and Robert W. Rutherford for Defendant and Respondent.

COUGHLIN, J.—Plaintiffs, as heirs at law of Esteban Hernandez, appeal from a summary judgment in a wrongful death action in favor of defendant, a public entity. Hernandez was killed in an accident allegedly caused by the defective condition of an unpaved maintenance road under the control of defendant. The road adjoined a drainage ditch both of which were constructed and maintained by defendant upon an easement owned by it.

Defendant moved for a summary judgment on the ground "Section 831.4 of the California Government Code provides absolute immunity for injuries resulting from the condition of irrigation district maintenance roads."

Pertinent parts of the code section in question provide as follows: "Neither a public entity nor a public employee is liable for an injury caused by a condition of:

(a) Any unpaved road which provides access to fishing, hunting or primitive camping, recreational or scenic areas and which is not a (1) city street or highway or (2) county, state or federal highway or (3) public street or highway of a joint highway district, boulevard district, bridge or highway district or similar district formed for the improvement or building of public streets or highways. . . ."

Defendant's contention that an irrigation district is not liable for injuries caused by the condition of its maintenance roads is not supported by the code section upon which it relies.

The meaning of a statute is determined from its language considered as a whole. (*In re Lavine*, 2 Cal.2d 324, 327 [41 P.2d 161, 42 P.2d 311]; *Ex parte Goodrich*, 160 Cal. 410, 416 [117 P. 451, Ann.Cas. 1913A 56].) The language expresses the intention of the Legislature in the premises (*Caminetti* v. *Pacific Mutual Life Ins. Co.*, 22 Cal.2d 344, 353 [139 P.2d 908]); where free from doubt, ambiguity or uncertainty, leaves no room for construction (*ibid.*); and must be followed even though it may appear from other sources the

Legislature had a different object in mind. (*Anderson* v. *I. M. Jameson Corp.*, 7 Cal.2d 60, 68 [59 P.2d 962]; *Smith* v. *Union Oil Co.*, 166 Cal. 217, 224 [135 P. 966]; *City of Eureka* v. *Diaz*, 89 Cal. 467, 469 [26 P. 961]; *Travelers Indem. Co.* v. *Kowalski*, 233 Cal.App.2d 607, 610 [43 Cal.Rptr. 843].)

■ In support of its position, defendant directs attention to the comment of the legislative committee in the Assembly that: "This section will provide, for example, an absolute immunity from liability for injuries resulting from the condition of such roads as fire protection roads in timbered areas and irrigation district maintenance roads." (Legislative Journal June 15, 1963, p. 5440 [West's Annotated Codes— Government—§ 831.4].) However, the language of the code section clearly does not encompass a total immunity from liability on account of injuries resulting from the condition of all irrigation district maintenance roads. To the contrary, the immunity is limited to liability caused by the condition of a specific type of road "which provides access to fishing, hunting" and other designated areas. There is no room for construction. A consideration of the legislative committee's comment is immaterial to the issue.

■ Defendant further contends the subject road provides access to hunting areas; the provisions of section 831.4 apply; there is no triable issue of fact in the premises; and, under these circumstances, the summary judgment in its favor was proper. However, the affidavits in support of and the counter-affidavits in opposition to the motion for summary judgment, measured in light of well-established rules (*Johnson* v. *Banducci*, 212 Cal.App.2d 254, 260-262 [27 Cal.Rptr. 764]; *Green* v. *Carlstrom*, 212 Cal.App.2d 240, 243 [27 Cal.Rptr. 850]), dictate the conclusion whether a hunting area existed in the vicinity of the road and whether the road was one which provided access to that area are triable issues of fact. Furthermore, the affidavits in support of the motion fail to comply with the requirements imposed by Code of Civil Procedure section 437c that: "The facts stated in each affidavit shall be within the personal knowledge of affiant . . . and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto." As a consequence, the order granting defendant's motion was error.

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.