[No. A058730. First Dist., Div. Four. July 23, 1993.]

ANTHONY GIANNUZZI, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**Counsel**

Edward J. Nevin for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Tyler Pon and David M. Gustafson, Deputy Attorneys General, for Defendant and Respondent.

OPINION

POCHÉ, J.—Plaintiff Anthony Giannuzzi seeks damages for injuries he suffered while riding his motorcycle on a trail within the Carnegie State Vehicular Recreation Park which is owned and operated by defendant State of California. According to plaintiff's first amended complaint, on Christmas Eve of 1990 he was riding his motorcycle on "an established dirt trail leading over the top of . . . an unimproved hill in the park," unaware that the state had moved quantities of dirt, thereby forming "large, loose dirt pilings at the bottom of this hill . . . directly in the path of the previously established trail." Plaintiff suffered injuries "as a result of an attempt to avoid the dirt pilings left directly in the path of the established trail." The state's actions changed the "natural condition," "configuration and direction of the established dirt trail, resulting in a dangerous condition of the public property" within the meaning of Government Code section 835.[1]

A general demurrer by the state on the ground it was immune from liability by virtue of section 831.4, was sustained without leave to amend. Plaintiff's appeal[2] challenging the propriety of that ruling requires construction of this statute, which provides in pertinent part:

"A public entity . . . is not liable for an injury caused by a condition of:

---

[1]Statutory references are to the Government Code unless otherwise indicated.

A part of the Government Tort Claims Act (§ 810 et seq.), section 835 provides in pertinent part: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition . . . a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

[2]Plaintiff's notice of appeal is from the order sustaining the demurrer. Because that order is not appealable (*Youngblood* v. *Board of Supervisors* (1978) 22 Cal.3d 644, 651 [150 Cal.Rptr. 242, 586 P.2d 556]), our usual practice would be to dismiss the purported appeal without further ado if a final judgment had not been entered. During the pendency of his appeal, plaintiff noticed the absence of a judgment and had one entered. There being no objection from the state, we grant plaintiff's request to take judicial notice of the judgment. The record on appeal will be deemed augmented to include a copy of the judgment attached as an

"(a) Any unpaved road *which provides access* to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas . . . .

"(b) Any trail *used for the above purposes.*

"(c) Any paved trail, walkway, path, or sidewalk on an easement of way which has been granted to a public entity, *which easement provides access* to any unimproved property . . . ." (Italics added.)

The parties agree that the key provision is subdivision (b). A close examination of the entire text of the statute suggests three possible constructions for the subdivision.

(1)  The first interpretation reads the entire statute as an access statute only. According to this view, what subdivision (a) does for unpaved roads and subdivision (c) does for paved trails, walkways, paths and sidewalks, subdivision (b) does for trails. The "above purposes" language of subdivision (b) is treated as being an incorporation of the recreational activities specified in subdivision (a) as to which access is provided; for example, a trail which provides access to a fishing area is one purpose, a trail which provides access to a hunting area is another purpose, and so on.

(2)  The next view of the statute reads subdivision (b) as having nothing to do with access. According to this construction the "above purposes" language of subdivision (b) simply picks up the recreational activities set forth in subdivision (a). As so read, a trail intended for hiking need not provide access to anything in order for the immunity to attach.

(3)  The third interpretation reads the "used for the above purposes" language of subdivision (b) as encompassing both of these constructions. Thus, access is one "of the above purposes" for which a trail can be used. Hunting, hiking, riding, etc.—the recreational activities listed in subdivision (a)—are also "purposes" for which trails can be used. The immunity granted by section 831.4 attaches to both.

Because each of these possibilities can claim a plausible textual support, the legislative history of section 831.4 may be consulted. (*Title Ins. & Trust*

---

appendix to plaintiff's opening brief. (Cal. Rules of Court, rule 12(a).) Lastly, in that plaintiff has thus rectified his initial oversight prior to any action by this court, we exercise our discretionary power to treat his notice as commencing a valid appeal from the subsequent judgment. (Cal. Rules of Court, rule 2(c).)

*Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 96 [255 Cal.Rptr. 670, 767 P.2d 1148]; *Nunn* v. *State of California* (1984) 35 Cal.3d 616, 624 [200 Cal.Rptr. 440, 677 P.2d 846].) The statute's evolution demonstrates that the second construction is the correct one.

When originally enacted in 1963, section 831.4 had two simple subjects of its immunity. Subdivision (a) dealt with "Any unpaved road which provides access to fishing, hunting or primitive camping, recreational or scenic areas." Subdivision (b) read in its entirety: "Any hiking, riding, fishing or hunting trail." (Stats. 1963, ch. 1681, § 1, p. 3273; see Stats. 1968, ch. 714, § 1, p. 1416.) This early fossil record reveals no mention of "access" or "above purposes" in subdivision (b).

Amendments passed in 1970 expanded subdivision (a) to reach "Any unpaved road which provides access to fishing, hunting, camping, hiking, riding, water sports, recreational or scenic areas," and reframed subdivision (b) as it presently reads. (Stats. 1970, ch. 807, § 2, p. 1530.)

In 1972 subdivision (a) was further broadened by inserting the words "including animal and all types of vehicular riding." (Stats. 1972, ch. 1200, § 2, p. 2323.)

Subdivision (c) was added in 1979. (Stats. 1979, ch. 1010, § 1, p. 3434.)

Several conclusions are obvious. The exclusive emphasis of subdivisions (a) and (c) of section 831.4 is, and has always been, access. Subdivision (b), however, has since its inception had a more substantive aspect, i.e., use of trails for certain recreational activities without regard as to how the persons involved came to be at the spot where injuries occurred. It is equally apparent that the 1970 amendment recasting subdivision (b) in its current form employed the "used for the above purposes" language to serve as a shorthand incorporation by reference only of the recreational activities concurrently being expanded in subdivision (a).[3] The only thing "above" subdivision (b) is subdivision (a), and the most obvious "purposes" thus incorporated would be the growing number of recreational activities listed in subdivision (a).

In light of the foregoing, section 831.4 should be read as embracing three related immunities: (1) subdivision (a) precludes liability for injuries caused

[3]The 1970 enactment is clearly the most relevant part of the evolution of section 831.4 because it marked the appearance of subdivision (b) in its present form. Recognizing this importance, and desiring to have all possible information regarding this change, we have reviewed its legislative history—including the Governor's bill file—with particular care. Nothing discovered in our research is in the least inconsistent with our construction of section 831.4.

by the condition of unpaved roads providing access to "fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas," (2) subdivision (b) precludes liability for injuries caused by the condition of trails which are used for these activities, and (3) subdivision (c) precludes liability for injuries caused by the condition of any paved trail, walkway, path or sidewalk located on an "easement of way which . . . provides access to any unimproved property."

As thus interpreted, section 831.4 poses no difficulty of application in the case at hand. Although the purpose for which a road or trail was being used is ordinarily viewed as an issue of fact (*Hernandez* v. *Imperial Irr. Dist.* (1967) 248 Cal.App.2d 625, 627 [56 Cal.Rptr. 811]), it becomes one of law if only one conclusion is possible. (Cf. *Peterson* v. *San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 810 [205 Cal.Rptr. 842, 685 P.2d 1193].) From the time of the state's demurrer to his original complaint, plaintiff knew that section 831.4 would figure in the litigation. He was therefore obligated to "plead facts sufficient to show his cause of action lies outside the breadth of any applicable statutory immunity." (*Keyes* v. *Santa Clara Valley Water Dist.* (1982) 128 Cal.App.3d 882, 886 [180 Cal.Rptr. 586].) He failed. Fair inferences from the amended complaint are that plaintiff's purpose for being within the Carnegie State Vehicular Recreation Park[4] was the recreational driving of his vehicle, and that he was injured during the course of that activity. In these circumstances the application of section 831.4 is established as a matter of law. Whether the complaint otherwise states a cause of action for dangerous condition liability is made immaterial by this conclusion. (See § 815, subd. (b); *Winterburn* v. *City of Pomona* (1986) 186 Cal.App.3d 878, 882 [231 Cal.Rptr. 105].)

Although plaintiff does not prevail, his appeal is not frivolous. The state's request for sanctions is therefore denied.

The purported appeal from the order sustaining the demurrer is dismissed. The judgment of dismissal is affirmed.

Anderson, P. J., and Reardon, J., concurred.

---

[4]Which was established with the aim of providing "trails and areas for the recreational use of off-highway vehicles." (Pub. Resources Code, § 5006.48.)