[No. A067858. First Dist., Div. Five. Jan. 23, 1995.]

THE STATE OF CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
ALLISON YOUNG, Real Party in Interest.

COUNSEL

Daniel E. Lungren, Attorney General, Robert H. Francis, Tyler B. Pon and Richard G. Tullis, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Rebecca J. Freeman for Real Party in Interest.

## OPINION

**THE COURT.**[1]—The State of California seeks a prerogative writ to set aside an order of the superior court overruling its demurrer to the first amended complaint of real party in interest Allison Young. Young has sued the state for injuries she sustained when she fell off a horse on a trail in a state park. The state contends that Young cannot, as a matter of law, establish her premise for state's liability, i.e., that the trail was in a dangerous or defective condition. We agree and issue the writ.

We are limited to the material facts well pled in both the first amended and the initial complaint. (See *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) Young's initial complaint alleged she was

---

[1]Before Peterson, P. J., King, J., and Haning, J.

riding a horse on a trail in Annadel State Park when "a mountain bicyclist came charging downhill towards her at an extremely high rate of speed, which spooked her horse." The horse bucked and Young was thrown to the ground and severely injured. The complaint alleged that the park was in a dangerous condition because its trails, including the one on which Young was injured, were open for use by mountain-bike riders as well as equestrians. The initial complaint alleged no physical defect in the trail on which Young was riding or in the park generally.

The state demurred to the initial complaint, on the ground that third party conduct alone cannot create a dangerous condition of public property; rather, the third party conduct must be coupled with a physical defect. (See *Hayes* v. *State of California* (1974) 11 Cal.3d 469, 472 [113 Cal.Rptr. 599, 521 P.2d 855] (*Hayes*).) The superior court agreed and sustained the demurrer with leave to amend. Young then filed the present first amended complaint, adding an allegation of physical defect. Young alleged that "The existence of numerous speeding mountain cyclists *in combination with* the often narrow, steep and twisting trails which were surrounded by overgrown shrubbery and trees which obstructed visibility constituted a dangerous condition for *unwarned* equestrian riders." (Italics in original.)

The state demurred again, arguing that by relying on a physical defect in the trail to overcome the rule of *Hayes*, Young had pled herself into the purview of the trail immunity statutes. Government Code section 831.2 provides that "Neither a public entity nor a public employee is liable for an injury caused by a natural condition of any unimproved public property . . . ." Government Code section 831.4 provides that a public entity is not liable for "an injury caused by a condition of: [¶] (a) Any unpaved road which provides access to . . . riding, including animal and all types of vehicular riding . . . [and] [¶] (b) [a]ny trail used for [these] purposes."

The trial court ruled that these statutes provided only a limited immunity, relying on the Fourth District's decision in *Hernandez* v. *Imperial Irr. Dist.* (1967) 248 Cal.App.2d 625 [56 Cal.Rptr. 811] (*Hernandez*),[2] and reasoning that the combination of the third party conduct and the physical defect removed Young's suit from the limited scope of the immunity statutes.

■ It is settled law that a public entity is not liable for a dangerous condition of public property based on third party conduct alone, whether that conduct is criminal or merely negligent. (*Hayes, supra,* 11 Cal.3d at p. 472; *Crow* v. *State of California* (1990) 222 Cal.App.3d 192, 205-206 [271

[2]Neither party cited or relied on *Hernandez* below.

Cal.Rptr. 349]; *Swaner* v. *City of Santa Monica* (1984) 150 Cal.App.3d 789, 806-807 [198 Cal.Rptr. 208]; Cal. Government Tort Liability Practice (Cont.Ed.Bar 1992) § 3.16, p. 311.)

It is also clear that the state is absolutely immune from liability for injuries caused by a physical defect of a trail. We very recently addressed this issue in *Armenio* v. *County of San Mateo* (1994) 28 Cal.App.4th 413 [33 Cal.Rptr.2d 631] (*Armenio*). "Section 831.4 is part of the Government Tort Claims Act of 1963 [citation] which established both government liability and immunity for tortious acts. In connection with the enactment of the Act, the relevant legislative committees adopted comments explaining the purpose and effect of the provisions to be enacted. [Citation.] The comment to section 831.2, providing immunity for an injury caused by a natural condition of any unimproved public property, states: '[U]nder this section and Section 831.4, [a public entity] has absolute immunity from liability for injuries resulting from natural conditions of a [public] park area where the only improvements are recreational access roads . . . and hiking, riding, fishing, and hunting trails. [¶] . . . It is desirable to permit the members of the public to use public property in its natural condition and to provide trails for hikers and riders and roads for campers into the primitive regions of the State.' [Citation.]" (*Id.* at pp. 416-417.)

"The plainly stated purpose of immunity for recreational activities on public land is to encourage public entities to open their property for public recreational use, because 'the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use.' [Citations.]" (*Armenio, supra,* 28 Cal.App.4th at p. 417.)

In *Armenio,* we agreed with *Giannuzzi* v. *State of California* (1993) 17 Cal.App.4th 462 [21 Cal.Rptr.2d 335] (*Giannuzzi*), which held that Government Code section 831.4 was not limited to roads or trails providing *access* to the various recreational activities listed in the statute—including animal riding—but extended the cloak of immunity to cover roads or trails used for those activities themselves. (*Armenio, supra,* 28 Cal.App.4th at p. 417; see *Giannuzzi, supra,* 17 Cal.App.4th at p. 466.) We also held that the trail immunity statute applied to any such recreational trail, paved or unpaved. (*Armenio, supra,* 28 Cal.App.4th at p. 418.)

In light of these recent First District decisions, the trial court's reliance on *Hernandez* is misplaced. Moreover, *Hernandez* did not conduct the thorough review of legislative history found in *Armenio* and *Giannuzzi*.

The state cannot be liable for a dangerous condition of public property when it enjoys absolute immunity for one necessary component of the liability equation. Liability may only result from the combination of third party activity *plus* a physical trail defect. Logically, since the state is absolutely immune from a physical trail defect, that component must be subtracted from the equation. This leaves only third party conduct, for which there can be no dangerous condition liability under *Hayes* and its progeny.

The superior court should have sustained the state's demurrer to the first amended complaint without leave to amend. We reach this conclusion after full briefing and informing the parties we might issue a peremptory writ in the first instance. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) In the present case the right to relief is clear and based on settled law and on recent decisions of the First District. No purpose could be served by oral argument. (See *Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].) Accordingly, let a peremptory writ of mandate issue commanding respondent superior court to vacate its order overruling the demurrer, and to enter a new and different order sustaining the demurrer without leave to amend.