Filed 7/24/13  Galusha v. Pennington CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RAYMOND GALUSHA, Plaintiff and Appellant, v. THERESA PENNINGTON et al., Defendants and Respondents. | 2d Civil No. B241421 (Super. Ct. No. 56-2010-00376489-CU-PO-SIM) (Ventura County) |

Plaintiff Raymond Galusha filed an action for premises liability and intentional torts against defendants Rancho Simi Recreation and Park District (the District) and its employee, Theresa Pennington.  The trial court granted summary judgment for defendants.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

While hiking on an undeveloped dirt trail in the Tierra Rejada Park, Galusha was attacked by two dogs.  He suffered serious injuries.  Galusha saw a man and a woman nearby and assumed they owned the dogs and were homeless.  The man took one of the dogs by the collar and told Galusha to stop hitting it.

The District operates and maintains the 150-acre park.  Pennington is a business and accounting supervisor for the District.  She interacted with Galusha concerning his administrative claim.

Galusha brought this action against the District and Pennington on the theory that they had created a dangerous condition in the park by allowing people who were homeless to loiter there with their vicious dogs or that they were keepers of vicious feral dogs. After demurrer, two causes of action remained against the District and Pennington: (1) premises liability, and (2) "intentional tort."

The District and Pennington moved for summary judgment on the grounds they were immune from liability arising from recreational use of trails or natural conditions of land (Gov. Code, §§ 831.2, 831.4) and there was no evidence of a dangerous condition, notice, or causation to support Galusha's claims. The trial court sustained numerous objections to Galusha's evidence, deemed all of the District's facts established, and granted the motion. Galusha's opening brief on appeal focuses solely on the premises liability cause of action.

In support of their motion, the District and Pennington offered excerpts of Galusha's deposition and Pennington's declaration. They did not dispute that dogs attacked Galusha at the park or that he was seriously injured.

Galusha testified in deposition that he was hiking in the "wash" area of the park when two dogs attacked him. One dog had a large collar with tags. Galusha eventually fought off the dogs and ran toward a man and woman for help. He believed they were homeless. He thought the man owned one of the dogs because the man grabbed it by the collar, but Galusha said, "[I]f [the man] was the owner of the dog, I do not know." Galusha never saw the man or woman again. He did not know if they were actually homeless.

Galusha testified that the area where he was hiking was "undeveloped" and in its "natural conditions." He had hiked on that trail without incident three times a week for two years. He had not previously seen "homeless people or dogs." He knew of no prior incidents involving dog bites except one at "another park" and he did not know which park.

Pennington declared that her job duties include providing support to the District park rangers and maintaining records of all incidents and complaints at the park.

2.

Pennington reviews and maintains park ranger activity reports. There are no other documented complaints about dog attacks or bites at the park. She has no personal knowledge of any other such incident. The park is on 151.64 acres of unimproved open lands in a natural condition. The District does not maintain any dogs at the park. Both entries to the park are posted with signs that read, "Dogs must be on leash." (Boldface omitted.) Rangers cite violators but have limited funds for enforcement.

Galusha's opposition papers did not cite to evidence in support of his separately stated facts by citation to exhibit, title, page, and line numbers in evidence submitted as required by California Rules of Court, rule 3.1350(f). Galusha cited to "Ref[s]" by number and supplied a list of numbered "Reference" documents, but he did not submit copies of most of those documents. He did submit three declarations, one signed by his wife and two signed by him.

In his declarations, Galusha described the attack, his injuries, and the handling of his claim and offered conclusions and legal opinions about the District's liability. He also declared, "Since the dog mauling I have read the local Simi Valley Acorn Newspaper edition that ran an article about these very dangerous conditions, showing defendants were aware of these conditions as a health and safety problem." He declared that the newspaper article referred to problems with feral dogs and homeless people and to volunteers picking up trash and that these incidents were not reflected in activity reports produced by the District in discovery. Galusha did not supply the newspaper article or any admissible evidence of the events he described. He argued that the park was "improved" because it was fenced and had paths, and that "there is nothing natural about conditions wherein feral dogs run wild."

Galusha also declared that three pieces of unproduced discovery were essential to his opposition: (1) the District budget for the park, (2) Pennington's official job description, and (3) minutes of a closed board meeting in which the District denied his administrative claim. He did not ask the trial court to continue the hearing on the motion for summary judgment for further discovery.

3.

In her declaration, Galusha's wife described Galusha's injuries and his extensive suffering. She also described an incident at the park after he was attacked, in which she and an Edison employee encountered two growling dogs.

DISCUSSION

We review the trial court's decision de novo, considering all of the evidence the parties offered in support of and against the motion. (*Paz v. State of California* (2000) 22 Cal.4th 550, 557.) Summary judgment will be granted if the submitted papers show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A moving defendant has met his or her burden of showing that a cause of action has no merit if it has shown that one or more elements of the cause of action cannot be established or that an affirmative defense to the cause of action exists. (*Id.*, subd. (p)(2).) Once a defendant has made this showing, the burden shifts to the plaintiff to show that a triable issue of fact exists as to that cause of action. (*Ibid.*)

The District and Pennington presented admissible evidence that established a complete defense to Galusha's claims and negated essential elements of his claims. Galusha did not present any evidence to establish a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2).)

A public entity is not liable for injury arising from its acts or omissions except as provided by statute. (Gov. Code, § 815, subd. (a).) "The sole statutory basis for imposing liability on public entities as property owners is Government Code section 835." (*Cerna v. City of Oakland* (2008) 161 Cal.App.4th 1340, 1347.) Government Code section 835 requires proof "that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous

4.

condition . . . a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

The District and Pennington established that the park was not in a dangerous condition at the time of the injury. Galusha's claims are based on his assumption that people at the park were homeless and failed to control their dogs. Even if he had offered admissible evidence to prove this, he would not have established that the park was in a dangerous condition. "[C]ourts have consistently refused to characterize harmful third party conduct as a dangerous condition--absent some concurrent contributing defect in the property itself." (*Hayes v. State of California* (1974) 11 Cal.3d 469, 472 [no liability for third party attack on men sleeping on beach notwithstanding allegation of insufficient police protection to protect against known criminal activity on beach].) Galusha offered no admissible evidence of a physical defect at the park. Moreover, Pennington's declaration established that she and the District had no notice of any prior similar attack at the park. Galusha offered no admissible evidence to create a triable issue of material fact concerning a dangerous condition, notice, or causation.

Moreover, the District and Pennington established that they are immune from liability because a public entity is not liable for injury caused by the condition of a hiking trail. (Gov. Code, § 831.4; *State of California v. Superior Court* (1995) 32 Cal.App.4th 325, 327, 329 [no liability for injuries suffered by horseback rider when mountain bike rider "spooked" horse on trail]; *Amberger-Warren v. City of Piedmont* (2006) 143 Cal.App.4th 1074, 1084 [no liability for injuries to woman walking on park path when off-leash dog bumped her].) Further, to the extent Galusha characterizes the dogs as "feral," public entities are immune from liability for injuries caused by natural conditions on public property. (Gov. Code, § 831.2; *Arroyo v. State of California* (1995) 34 Cal.App.4th 755, 759 [no liability for injuries suffered by hiker when mountain lion attacked him on trail].) Governmental immunities bar Galusha's claims.

Galusha did not request a continuance to obtain further discovery when he filed his opposition to the summary judgment motion. (Code Civ. Proc., § 437c, subd.

5.

(h).)  The trial court did not err by not continuing the hearing.  (*Park v. First American Title Co.* (2011) 201 Cal.App.4th 1418, 1428.)

DISPOSITION

The judgment is affirmed.  Respondents shall recover costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

6.

Tari Cody, Judge

Superior Court County of Ventura

_____

Raymond Galusha, in pro. per., for Plaintiff and Appellant.

Walsh & Associates, APC, Dennis J. Walsh, George E., Ordonez for Defendants and Respondents