Filed 1/18/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JOSEFINA CEJA SANCHEZ, | B308435 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC713468) |
| v. | |
| WESTLAKE SERVICES, LLC, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stuart M. Rice, Judge.  Dismissed.

Rosner, Barry & Babbitt, Hallen D. Rosner and Arlyn L. Escalante for Plaintiff and Appellant.

Madison Law, Jenos Firouznam-Heidari, James S. Sifers and Brett K. Wiseman for Defendant and Respondent.

———————————————

After Josefina Ceja Sanchez and Westlake Services, LLC settled Sanchez's lawsuit under the Consumers Legal Remedies Act (CLRA) (Civ. Code, § 1750 et seq.), Sanchez moved for attorney fees, costs and prejudgment interest pursuant to the terms of their agreement. The trial court denied the motion for attorney fees but awarded Sanchez costs and prejudgment interest. Without first dismissing the lawsuit or requesting entry of a judgment, Sanchez appealed the order denying attorney fees. We dismiss the appeal as taken from a nonappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Sanchez's Action and Her Settlement with Westlake*

Sanchez purchased a used car from Liliana Janet Vasquez, an individual doing business as Automax Motors, pursuant to a retail installment sale contract. In July 2018 Sanchez sued Vasquez and Westlake, as Vasquez's assignee, for violating the CLRA, fraud and related causes of action.[1] In her first amended complaint Sanchez alleged Vasquez had violated the CLRA in various ways, including by failing to provide a Spanish language translation of the sales contract and overcharging vehicle license fees.

The sales contract signed by Sanchez included a clause (the "Holder Clause") providing notice that any holder of the contract "is subject to all claims and defenses which the debtor could assert against the seller" and that "recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder." Sanchez alleged, when Westlake accepted the assignment of the

---

[1] Sanchez also named as a defendant the surety that issued the bond Vasquez required to obtain a license to sell vehicles.

contract from Vasquez, it agreed to stand in Vasquez's shoes and assume the risk of Vasquez's misconduct.[2]

In December 2019 Sanchez and Westlake settled the lawsuit. The settlement agreement provided that Westlake would pay $14,849.20 to Sanchez within three business days of the agreement's execution; Sanchez would have 45 days from receipt of that payment to file a motion with the court for her reasonable attorney fees, costs and prejudgment interest; Sanchez would be deemed, for purposes of her motion, the prevailing party on all causes of action pleaded by Sanchez in the action; Westlake would be entitled to assert all available defenses to her motion, including the defense no fees should be awarded against it as a holder under existing law; neither party was admitting any liability or wrongdoing; and Westlake would pay any amount awarded by the court on Sanchez's motion for fees and costs within 30 days of the court's ruling on her motion. Sanchez and Westlake also agreed the settlement agreement and any release of claims was conditioned upon Sanchez's counsel's receipt of both payments, should two be required, "under Paragraphs 2 and 3" (which set forth the payment requirements, including for the timing of the payments); and that Sanchez would request a dismissal of the action with prejudice within 10 business days of the "completion of the obligations required by" the agreement.

---

[2] At Sanchez's request, the clerk entered Vasquez's default on August 2, 2019.

### 2. *Sanchez's Motion for Attorney Fees, Costs and Prejudgment Interest; Westlake's Opposition; and the Court's Order*

On March 6, 2020 Sanchez filed her motion for attorney fees, costs and prejudgment interest, seeking $31,853.40 in attorney fees (a lodestar of $26,544.50 with a 1.2 multiplier), $2,010.62 in costs and $3,130.26 in prejudgment interest. Although Westlake did not sell her the car that was the subject of her action, she argued, it was still liable for her fees and costs pursuant to the Holder Clause and California law, and the parties had agreed she was the prevailing party for purposes of her motion.

Westlake opposed Sanchez's motion in part by arguing the Holder Clause of the retail installment sale contract limited the consumer's recovery, including recovery of attorney fees, to the amount the consumer paid under that contract. Westlake explained the $14,849.20 it paid to settle the action represented the total amount Sanchez had paid under the contract to buy the car and she was thus not entitled to recover any additional amount as attorney fees.

On September 2, 2020 the trial court denied Sanchez's motion for attorney fees and awarded her costs and prejudgment interest totaling $5,140.88.

### 3. *Sanchez's Appeal*

On October 22, 2020 Sanchez filed her notice of appeal from the trial court's "September 2, 2020 Order on Motion for Plaintiffs' Attorneys' Fees, Costs and Prejudgment Interest and from all rulings, proceedings, orders, or decisions made final thereby and/or reviewable therewith." The caption page of her

4

notice referred to Code of Civil Procedure section 904.1, subdivision (a)(2).[3]

In her May 19, 2021 opening brief, under the heading "Statement of Appealability," Sanchez again stated her appeal was from the trial court's "order on Plaintiff's Motion for Attorneys' Fees, Costs and Prejudgment Interest" and was authorized by section 904.1, subdivision (a)(2). She also stated the following under the heading "Issues Presented": "Whether Respondent Westlake is liable for Appellant's reasonable attorneys' fees for prevailing under the CLRA through the holder rule, Civil Code section 1459.5 and/or Civil Code section 1717." In the conclusion of her brief she requested this court "should reverse and remand the trial court's order denying attorneys' fees against Westlake."

In an order issued November 8, 2021 this court—pointing out Sanchez's opening brief had stated she was appealing a section 904.1, subdivision (a)(2), order after judgment—observed the record on appeal did not include a judgment under section 904.1, subdivision (a)(1), that would make the trial court's September 2, 2020 order appealable. We provided the parties an

---

[3]     Statutory references are to this code unless otherwise stated.

Code of Civil Procedure section 904.1, subdivision (a), provides in part, "An appeal, other than in a limited civil case, may be taken from any of the following: [¶] (1) From a judgment, except an interlocutory judgment, other than [certain interlocutory judgments specifically enumerated in the statute], or a judgment of contempt . . . . [¶] (2) From an order made after a judgment made appealable by paragraph (1)."

opportunity to brief the issue why Sanchez's appeal should not be dismissed as taken from a nonappealable order.

Sanchez filed a response supported by a declaration from an attorney at Rosner, Barry & Babbitt, LLP, the law firm representing her on appeal. Attached to Sanchez's attorney's declaration was a copy of a request for dismissal filed-stamped July 14, 2021. The attachment showed not only that Sanchez had sought dismissal of her complaint with prejudice but also that the court clerk had subsequently filled in the request's blanks to reflect the complaint's dismissal had been entered on July 16, 2021.[4]

In her response Sanchez argued the dismissal was the judgment in the action under section 581d. Citing *Giannuzzi v. State of California* (1993) 17 Cal.App.4th 462, 464, footnote 2 (*Giannuzzi*), in which the court exercised its discretion to treat a premature notice of appeal from an order sustaining a demurrer without leave to amend as an appeal from a later obtained judgment, Sanchez asserted the trial court's September 2, 2020 order was an appealable postjudgment order. She also contended, even if the trial court's order were not a postjudgment order appealable under section 904.1, subdivision (a)(2), it was appealable under the collateral order doctrine.

---

[4] We augment the record to include the copy of the request for dismissal indicating dismissal had been entered on July 16, 2021. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

**DISCUSSION**

1.  *Sanchez's Purported Appeal Is from a Nonappealable Order*

An appealable order or judgment is a jurisdictional requirement.  (*Jennings v. Marrale* (1994) 8 Cal.4th 121, 126; *Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 384.)  "The right to appeal is wholly statutory.  [Citation]  Code of Civil Procedure section 904.1 lists appealable judgments and orders."  (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.)  For the trial court's attorney fees order to constitute a postjudgment order appealable under section 904.1, subdivision (a)(2), as Sanchez asserted in her notice of appeal and opening brief, a prior appealable judgment was required.  Although Sanchez contends that judgment was the clerk's July 16, 2021 entry of dismissal in response to her dismissal request, the trial court's attorney fees order preceded the clerk's dismissal entry.  Relying on *Giannuzzi, supra*, 17 Cal.App.4th at page 464, footnote 2, Sanchez essentially argues her notice of appeal from the court's order effected an appeal from the clerk's subsequent entry of dismissal—an order from which she had not sought to separately appeal.

Setting aside for the moment that Sanchez's notice of appeal did not indicate she was appealing a section 904.1, subdivision (a)(1), judgment, *Giannuzzi, supra*, 17 Cal.App.4th 462, which relied on former rule 2(c), now rule 8.104(d), of the California Rules of Court,[5] to construe the plaintiff's notice of appeal from an order sustaining a demurrer without leave to

---

[5]     Subsequent references to rules are to the California Rules of Court.

7

amend as effecting an appeal from the subsequent judgment, does not support Sanchez's argument.  (*Giannuzzi*, at p. 464 & fn. 2.)

Rule 8.104(d), "Premature notice of appeal," provides, "(1)  A notice of appeal filed after judgment is rendered but before it is entered is valid and is treated as filed immediately after entry of judgment.  [¶]  (2)  The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment."  "Rule 8.104(d)(1) is phrased in mandatory terms, but Rule 8.104(d)(2) vests discretion in the reviewing court." (*Good v. Miller* (2013) 214 Cal.App.4th 472, 475 (*Good*).)

The trial court's September 2, 2020 order concerning fees, costs and prejudgment interest was neither a judgment rendered but not yet entered within the meaning of rule 8.104(d)(1) nor an intended ruling subsequently finalized in a judgment or order of dismissal as contemplated by rule 8.104(d)(2).  The October 22, 2020 notice of appeal falls far outside the limited scope of the mandatory provision of rule 8.104(d)(1) and our discretion under rule 8.104(d)(2) to treat as appealable an otherwise nonappealable order.  Simply put, Sanchez did not file a premature notice of appeal seeking review of the dismissal ultimately entered more than nine months later.  The case at bar thus is very different from those cases in which the authority granted by rule 8.104 has been exercised, including *Giannuzzi*. (See, e.g., *Rozanova v. Uribe* (2021) 68 Cal.App.5th 392, 398, fn. 3 [notice of appeal from minute order after hearing on motion to tax costs treated as appeal from subsequently filed order on the motion to strike or tax costs]; *In re Marriage of Zimmerman*

8

(2010) 183 Cal.App.4th 900, 906 [notice of appeal from minute order treated as filed after subsequent entry of formal signed order incorporating the minute order's rulings]; *Bosetti v. United States Life Ins. Co. in City of New York* (2009) 175 Cal.App.4th 1208, 1222-1223 & fn. 11 [trial court had granted defendant's motion for summary judgment; notice of appeal predating entry of judgment treated as appeal from judgment's subsequent entry]; *Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 413, fn. 7 [notice of appeal from trial court's order sustaining demurrers without leave to amend treated as filed immediately after the resulting judgments of dismissal].)

Even if we had discretion to save Sanchez's appeal, we would decline to exercise it.  As the court of appeal explained in *Good*, *supra*, 214 Cal.App.4th 472, 474, "Although under certain circumstances we have discretion to permit a premature appeal from a nonappealable order to be treated as timely filed after the ensuing judgment, there is a limit to our willingness to salvage appeals for parties 'who ignore the statutory limitations on appealable orders.'"  (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) Notice of Appeal and Cross-Appeal, ¶ 3:55 ["[g]iven the appellate court trend to insist on strict adherence to applicable statutes and court rules for perfecting appeal rights . . ., it may be an uphill battle to convince the court to forgive procedural defects"].)

Here, Sanchez fails to explain why, although she indicated in the statement of appealability section of her May 19, 2021 opening brief that she was appealing a section 904.1, subdivision (a)(2), postjudgment order, she omitted any reference to the fact no judgment or order of dismissal had yet been entered.  (See *Good*, *supra*, 214 Cal.App.4th at pp. 476-477

9

["Good's briefing," in which "Good misstated the relevant facts in the 'Appealability' section," "was misleading *to this court*, which militates sharply against granting him relief"].) Moreover, even after she filed a request for, and obtained entry of, the dismissal in July 2021, she did not seek to augment the record to include the dismissal, nor did she bring the issue to our attention in her reply brief (filed in October 2021) or otherwise. (See *Good*, at p. 476 [refraining from exercising discretion to save an appeal in part because the appellant had not asked the court of appeal to do so and citing not only precedents where reviewing courts saved appeals partly because counsel had explained the mistake but also a treatise for the comment that it is "'difficult to see how the appellate court can find that good cause exists without something brought to its attention by the appellant'"].) Given the experience of Sanchez's counsel, no excuse or justification appears to exist for this failure to observe the rules governing appellate jurisdiction.[6]

### 2. *The Court's Order Denying Attorney Fees Is Not Appealable Under the Collateral Order Doctrine*

Sanchez contends, even if the court's September 2, 2020 order were not appealable under section 904.1, subdivision (a)(2), this court has discretion to entertain her appeal under the collateral order doctrine. "When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment

---

[6] A judgment of dismissal that included the court's ruling denying attorney fees would be an appealable order. (§ 904.1, subd. (a)(1).)

of money or performance of an act, direct appeal may be taken. [Citations.] This constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding." (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; see *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119 [an otherwise interlocutory order is directly appealable "if the order is a final judgment against a party in a collateral proceeding growing out of the action"]; see also *Hanna v. Mercedes-Benz USA, LLC* (2019) 36 Cal.App.5th 493, 506.)

"To qualify as appealable under the collateral order doctrine, the interlocutory order must (1) be a final determination (2) of a collateral matter (3) and direct the payment of money or performance of an act." (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015-1016; accord, *Hanna v. Mercedes-Benz USA, LLC*, *supra*, 36 Cal.App.5th at p. 506; see *I.J. Weinrot & Son, Inc. v. Jackson* (1985) 40 Cal.3d 327, 329, 331 [expressly "adopt[ing]" court of appeal opinion that the "portion of the June 13, 1983, order awarding sanctions . . . to defendants is appealable 'because it is a final order on a collateral matter directing the payment of money'"];[7] *In re Marriage of Skelley*, *supra*, 18 Cal.3d at p. 368; *Sjoberg v. Hastorf*, *supra*, 33 Cal.2d at p. 119; see also *Dr. V Productions, Inc. v. Rey* (2021)

---

[7] *I.J. Weinrot & Son, Inc. v. Jackson*, *supra*, 40 Cal.3d 327 was decided prior to amendments to section 904.1 that expressly provided for appellate review of certain judgments or orders directing payment of monetary sanctions. (See § 904.1, subds. (a)(11) & (12), (b); Stats. 1993, ch. 456, § 12; Stats. 1989, ch. 1416, § 25.)

68 Cal.App.5th 793, 905 ["[t]he modern formulation" of the collateral order doctrine "makes no mention of an order *denying* the payment of money or *refusing* to require performance of an act"]; *Sese v. Wells Fargo Bank* (2016) 2 Cal.App.5th 710, 716 ["The order denying interim attorney fees is also not appealable as a collateral order. The order does not direct the payment of any money. Neither does it compel an act by or against Sese. Instead, the order represents a denial of fees that is not appealable as a collateral order"]; but see *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887 [order denying motion for sanctions appealable as a collateral order].)

Sanchez concedes all three elements of the doctrine must be satisfied, including the requirement that the order direct the payment of money or performance of an act, but contends the trial court's September 2, 2020 order satisfies each criterion because the court's September 2, 2020 order directs the payment of costs and prejudgment interest. Sanchez, however, did not attempt to appeal the portion of the court's order awarding costs and prejudgment interest; she only challenges the denial of attorney fees. Sanchez's appeal of that order does not fall within the scope of the collateral order doctrine.

## DISPOSITION

The appeal is dismissed.


PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.