Opinion
 

 NOTT, J.
 

 This appeal presents the question of whether a paved bicycle path qualifies as a “trail” under the immunity provisions of Government Code section 831.4.
 
 [1]
 
 We hold that it does, and affirm the judgment that was entered in favor of respondent County of Los Angeles (the County) against appellant Colleen Carroll.
 

 Facts
 

 The South Bay Bicycle Path (the Path) stretches along the coast from Santa Monica through Redondo Beach. The Path is 19.2 miles long. It is located mainly on the beach, although at some points it runs adjacent to beachfront homes and sidewalks. The Path is paved, and is wide enough to support two-way traffic, with a yellow stripe down the center as a divider. Although the Path is designated as a “bicycle path,” it is also used daily by walkers, joggers, skateboarders, rollerskaters, and rollerbladers.
 

 
 *608
 
 The subject incident took place on May 17, 1993, at approximately 7:30 p.m. near 1st Street in Manhattan Beach. Appellant was rollerblading where the Path intersects a walkway. She claims that her left rear wheel struck a crack, causing her to fall and fracture her right elbow.
 

 After litigation was commenced, the parties proceeded to nonbinding arbitration, where appellant received an award of $19,765.30. The County requested a trial de novo. Just before trial was to start, the County moved for judgment under the provisions of section 831.4, which gives governmental immunity for any injury caused due to the condition of a trail. The trial court granted the motion, setting the stage for this appeal.
 

 Discussion
 

 1.
 
 Standard of Review
 

 As the matter below was presented on stipulated facts, the trial court ruled solely on questions of law. Accordingly, on appeal we will review the matter de novo.
 
 (Sea World, Inc.
 
 v.
 
 County of San Diego
 
 (1994) 27 Cal.App.4th 1390, 1397 [33 Cal.Rptr.2d 194].)
 

 2.
 
 Section 831.4
 

 Section 831.4 provides: “A public entity, public employee, or a grantor of a public easement to a public entity for any of the following purposes, is not liable for an injury caused by a condition of: [U (a) Any unpaved road which provides access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas and which is not a (1) city street or highway or (2) county, state or federal highway or (3) public street or highway of a joint highway district, boulevard district, bridge and highway district or similar district formed for the improvement or building of public streets or highways. [U (b) Any trail used for the above purposes. [^ (c) Any paved trail, walkway, path, or sidewalk on an easement of way which has been granted to a public entity, which easement provides access to any unimproved property, so long as such public entity shall reasonably attempt to provide adequate warnings of the existence of any condition of the paved trail, walkway, path, or sidewalk which constitutes a hazard to health or safety. Warnings required by this subdivision shall only be required where pathways are paved, and such requirements shall not be construed to be a standard of care for any unpaved pathways or roads.”
 

 3.
 
 Applicability of Section 831.4
 

 We note that subdivision (a) applies solely to an “unpaved road,” and thus, as the parties agree, is inapplicable to the present situation, which involves a paved path or trail.
 

 
 *609
 
 The parties further agree that subdivision (c) is inapplicable inasmuch as that subdivision deals with a paved trail, etc. on “an easement of way which has been granted to a public entity.” The record is devoid of any facts to show that an easement is involved here.
 

 That leaves subdivision (b), which obviously applies. Read in combination with subdivision (a), subdivision (b) gives governmental immunity to “[a]ny trail ...[*][]... which provides access to . . . all types of vehicular riding, water sports, recreational or scenic areas . . . .”
 

 Appellant contends that the word “trail” does not apply to a paved bicycle path. We disagree. The words “trail” and “path” are synonymous. (Rodale, The Synonym Finder (1978) p. 1249.) Webster’s Collegiate Dictionary (10th ed. 1995) at page 1251 defines a trail as “a marked or established
 
 path
 
 or route . . . (Italics added.) We hold that the Path qualifies as a “trail” under subdivision (b).
 

 Further, under the express terms of subdivision (b),
 
 any
 
 trail is included in the exemption. The precise issue before us was raised and decided in
 
 Armenio
 
 v.
 
 County of San Mateo
 
 (1994) 28 Cal.App.4th 413 [33 Cal.Rptr.2d 631]. In that case, the plaintiff was injured while riding his bicycle along a 6.2-mile
 
 surfaced
 
 trail used by bicyclists, hikers, joggers and equestrians. After going through a historical analysis of section 831.4, the appellate court concluded that when subdivision (b) was read in conjunction with subdivisions (a) and (c), it was apparent the Legislature intended that “. . . the nature of the trail’s surface is irrelevant to questions of immunity.” (28 Cal.App.4th at p. 418.) We agree. Subdivision (a) speaks of
 
 unpaved
 
 roads, while subdivision (c) refers to
 
 paved
 
 trails. It is therefore logical to interpret subdivision (b)’s reference to
 
 “any trail”
 
 to mean just that, i.e., any trail, whether paved or unpaved.
 

 Appellant next argues that subdivision (b) does not apply since the Path is not being used for access. Her argument goes like this: In order to be exempt under subdivision (b), a trail must be used for the purposes set forth in subdivision (a). Under subdivision (a), those purposes are to simply provide
 
 access
 
 for a recreational activity. Appellant concludes that in the present case, the use of the Path is an end in and of itself, and that the Path therefore does not provide access to anything. Once again, we disagree.
 

 In the first place, it is obvious that the use of the Path would allow any user access to view the Pacific Ocean. We take judicial notice that the Pacific Ocean certainly qualifies as a “scenic area” within subdivision (a). Next, three published cases have rejected appellant’s argument, and have
 

 
 *610
 
 held that the immunity under subdivision (b) is not limited to “access" trails, but extends to include a trail whose use itself is the object of the recreational activity.
 
 (Giannuzzi
 
 v.
 
 State of California
 
 (1993) 17 Cal.App.4th 462, 466-467 [21 Cal.Rptr.2d 335];
 
 Armenio
 
 v.
 
 County of San Mateo, supra,
 
 28 Cal.App.4th at p. 417;
 
 State of California
 
 v.
 
 Superior Court [Young]
 
 (1995) 32 Cal.App.4th 325, 328 [39 Cal.Rptr.2d 1].) We agree with those decisions, and hold that the use of the Path comes within the purview of subdivision (b).
 

 Disposition
 

 The judgment is affirmed. Respondent is awarded costs on appeal.
 

 Fukuto, Acting P. J., and Zebrowski, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied March 18, 1998. Mosk, J., was of the opinion that the petition should be granted.
 

 [1]
 

 All statutory references are to Government Code section 831.4.