[No. B117963. Second Dist., Div. Two. Dec. 23, 1998.]

DANIEL R. FARNHAM, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Benedon & Serlin, Douglas Benedon, Gerald M. Serlin; Lynch & Lynch and Kevin G. Lynch for Plaintiff and Appellant.

James K. Hahn, City Attorney, G. Daniel Woodard and Katherine J. Hamilton, Assistant City Attorneys, and Lisa S. Berger, Deputy City Attorney, for Defendant and Respondent.

OPINION

**NOTT, J.**—Daniel R. Farnham appeals from a judgment entered in favor of respondent City of Los Angeles (City) following the grant of a motion for judgment on the pleadings. We affirm for the reason that the provisions of Government Code section 831.4 provide complete immunity against appellant's suit.

## FACTS

Sepulveda Basin Bikeway (the Bikeway) is a class I bikeway as defined by Streets and Highways Code section 890.4, subdivision (a).[1] The Bikeway is paved and runs along the perimeter of Balboa Park in the City.

On April 11, 1995, during daylight hours between 5:00 and 5:30 p.m., appellant and a companion were riding separate bicycles on the Bikeway. A portion of the outer pavement gave way as appellant crossed it, causing him to be thrown into an adjacent ditch. He alleges that as a result of the accident, he suffered serious head and neck injuries.

After giving appellant one opportunity to amend his complaint for negligence and creation of a dangerous condition, the trial court granted the City's motion for judgment on the pleadings under Government Code section 831.4.[2] Appellant filed a timely notice of appeal.

## CONTENTIONS

In *Carroll* v. *County of Los Angeles* (1997) 60 Cal.App.4th 606 [70 Cal.Rptr.2d 504], we held that the paved South Bay Bicycle Path qualified as a "trail" under the governmental immunity provisions of section 831.4. The South Bay Bicycle Path is also a class I bikeway, with only some segments being subject to either contiguous or cross-vehicular traffic.

Appellant contends that section 831.4 does not apply to the facts of this case because (1) the Bikeway involved here is not a "trail," but is part of the public streets and highways; (2) the Bikeway was paved; and (3) *Carroll* was wrongly decided.

## DISCUSSION

### 1. *Section 831.4*

Section 831.4 provides: "A public entity, public employee, or a grantor of a public easement to a public entity for any of the following purposes, is not

---

[1]Streets and Highways Code section 890.4 provides: "As used in this article, 'bikeway' means all facilities that provide primarily for bicycle travel. For purposes of this article, bikeways shall be categorized as follows: [¶] (a) Class I bikeways, such as a 'bike path,' which provide a completely separated right-of-way designated for the exclusive use of bicycles and pedestrians with crossflows by motorists minimized. [¶] (b) Class II bikeways, such as a 'bike lane,' which provide a restricted right-of-way designated for the exclusive or semiexclusive use of bicycles with through travel by motor vehicles or pedestrians prohibited, but with vehicle parking and crossflows by pedestrians and motorists permitted. [¶] (c) Class III bikeways, such as an onstreet or offstreet 'bike route,' which provide a right-of-way designated by signs or permanent markings and shared with pedestrians or motorists."

[2]Unless otherwise expressly noted, all statutory references are to the Government Code.

liable for an injury caused by a condition of: [¶] (a) Any unpaved road which provides access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas and which is not a (1) city street or highway or (2) county, state, or federal highway or (3) public street or highway of a joint highway district, boulevard district, bridge and highway district or similar district formed for the improvement or building of public streets or highways. [¶] (b) Any trail used for the above purposes. [¶] (c) Any paved trail, walkway, path, or sidewalk on an easement of way which has been granted to a public entity, which easement provides access to any unimproved property, so long as such public entity shall reasonably attempt to provide adequate warnings of the existence of any condition of the paved trail, walkway, path, or sidewalk which constitutes a hazard to health or safety. Warnings required by this subdivision shall only be required where pathways are paved, and such requirement shall not be construed to be a standard of care for any unpaved pathways or roads."

### 2. *Applicability of Section 831.4, Subdivision (b)*

Section 831.4, subdivision (a) applies only to unpaved roads, and is thus inapplicable to this case. Likewise, subdivision (c) applies to a paved trail, etc., on which an easement of way has been granted to a public entity and which provides access to an unimproved area. Appellant does not contend that the Bikeway is the subject of such an easement.

We are thus left with section 831.4, subdivision (b), which obviously does apply. Under that subdivision, a governmental entity has immunity from liability for an injury suffered on any trail used for the purposes of subdivision (a), to wit: access to any recreational or scenic area.[3]

### 3. *The Streets and Highways Argument*

Appellant first raises an argument not raised in *Carroll*. He contends that the path is part of the public streets and highways, and thus does not qualify as a "trail" under section 831.4, subdivision (b).

Appellant's argument is based on a combination of section 831.4, subdivisions (a) and (b), as well as selected sections of the Streets and Highways Code. He first notes that section 831.4, subdivision (a) is inapplicable to

---

[3]In *Carroll,* we followed other appellate cases that held that immunity under section 831.4, subdivision (b) was not limited simply to "access" trails, but included a trail "whose use itself is the object of the recreational activity. [Citations.]" (*Carroll* v. *County of Los Angeles, supra,* 60 Cal.App.4th 606, 609-610.) Appellant does not challenge that holding.

unpaved roads that are a public street or highway. He extrapolates that under subdivision (b), a "trail" must therefore likewise also be excluded if the trail is part of a public street or highway system. He concludes his argument by noting that a bicycle transportation system is established under Streets and Highways Code section 890 et seq., including construction design requirements and the allotment of state funds for counties and cities whose plans meet state approval.[4]

Regardless of the fact that a bicycle path may come under the broad brush of being part of the streets and highway system in general, a class I bikeway does not qualify as a street or highway. As the City points out, a street or highway is open to the public for vehicular travel. (Veh. Code, §§ 360, 590.) A bicycle is not considered a vehicle. (Veh. Code, §§ 231, 670.) A class I bikeway, by definition, is not open to vehicular traffic. Thus, the Bikeway, as a class I bikeway, does not qualify as a street or highway. The express language of section 831.4, subdivision (a) is limited to unpaved roads which are not public streets or highways. Subdivision (b) is not so limited. Immunity applies to "any trail used for the above purposes," i.e., access to recreational areas. The Legislature did not exempt from immunity any trails that might be part of the street and highway system in general. As in *Carroll*, we conclude that a class I bikeway is a "trail" within the definition of section 831.4, subdivision (b).

4. *Legislative Intent*

Appellant next asserts that the Legislature did not intend the immunity under section 831.4 to apply to a paved trail. We disagree.

As we pointed out in *Carroll*, section 831.4, subdivision (a) applies to *unpaved* roads. Subdivision (c) applies to *paved* trails, etc., acquired by easement which provide access to unimproved property. Subdivision (b) applies to *any* trail. Had the Legislature intended paved trails not to be exempt from liability, it could have easily said so in 1979 when it amended section 831.4 to add the current version of subdivision (c).

Our reading of the legislative history of section 831.4 does not persuade us otherwise. As originally enacted, subdivision (b)'s application was limited to "[a]ny hiking, riding, fishing or hunting trail." (Stats. 1963, ch. 1681, § 1, p. 3273.)

---

[4]Streets and Highways Code section 890 specifies the legislative intent to establish a bicycle transportation system. In section 892.6, the Legislature declared that the construction of bikeways was a highway purpose that justified the expenditure of state funds. Additionally, sections 890.6, 890.8, 891, 891.2 and 891.4 provide for design and safety regulations. If a city or county complies with such criteria, it may be eligible for state (and possibly federal) bikeway construction funds.

The introductory paragraph to section 831.4 was subsequently amended to include "a grantor of a public easement" as being entitled to immunity under the statute. (Stats. 1970, ch. 807, § 2, p. 1530.) The stated purpose was to encourage people to grant public easements by giving liability immunity.

Likewise, in 1979, section 831.4, subdivision (c) was added in order to encourage governmental entities to accept easements for trails, etc., without fear of tort liability. At the same time subdivision (c) was adopted, subdivision (b) was amended from "[a]ny hiking, riding, fishing or hunting trail" to "[a]ny trail used for the above [subdivision (a)] purposes." (Stats. 1970, ch. 807, § 2, p. 1530.)

It is true that part of the legislative history—depending on who is doing the analysis—shows a concern with total immunity over only unpaved roads or trails, and a more qualified immunity (as now expressed in section 831.4, subdivision (c)) for paved trails. However, the statute went through a variety of drafts as to subdivisions (b) and (c) before its final form. After considerable input from attorneys, cities, and counties, the final draft gave total immunity for *any* trail used for recreational access, and a more limited immunity to paved trails, etc., on an easement that provides access to unimproved property. The Legislature could have easily chosen to make subdivision (b)'s "any trail" subject to the same warning requirements of subdivision (c) and opted not to do so.

*Armenio* v. *County of San Mateo* (1994) 28 Cal.App.4th 413 [33 Cal.Rptr.2d 631] involved a 6.2-mile surfaced trail. *Armenio* held that under subdivision (b), "the nature of the trail's surface is irrelevant to questions of immunity." (28 Cal.App.4th at p. 418.) We agreed in *Carroll. Armenio* has now been the law since 1994, joined by *Carroll* in 1997. If the Legislature disagrees, it has but to amend section 831.4.

The heart of appellant's position is that when a governmental entity undertakes to improve or create a paved trail in what is essentially an urban area, it should have the duty to reasonably maintain the condition thereof or face tort liability. He argues that his position is in line with traditional concepts of governmental tort liability. He also points out that companion section 831.2 limits governmental liability to "an injury caused by a *natural* condition of any *unimproved* public property . . . ." Finally, he asserts that sections 831.2 and 831.4 are assumption of risk statutes, drafted to make users of *primitive* areas bear their own risk of injury.

Those are not unreasonable arguments. Paved trails are commonly used by bicyclists, skateboarders, rollerbladers, and runners, at fairly high speeds. It is conceivable that a variety of injuries, serious or minor, might befall users where a paved trail is not properly constructed or maintained. Further, it is reasonable that users would expect a paved surface to be appropriately constructed and maintained.

However, the flip side of appellant's position is the difficulty cities and counties might face in inspection and repair. Paved trails are subject to changing irregularity of surface conditions due to seismic movement, natural settlement, or stress from traffic. Additionally, the weather can cause dirt or sand to be blown on a trail, creating an unsafe surface for almost any user. Rocks, tree branches and other debris often find their way onto a trail. Bicycle paths (or bikeways) are not velodromes, and are not necessarily designed for a user to travel as fast as she or he can, although some people often do. In today's litigious society, it does not take a very large crystal ball to foresee the plethora of litigation cities or counties might face over bicycle paths, which are used daily by a variety of people (bicyclists, skateboarders, rollerbladers, rollerskaters, joggers and walkers) all going at different speeds. The actual cost of such litigation, or even the specter of it, might well cause cities or counties to reconsider allowing the operation of a bicycle path, which, after all, produces no revenue.

In any event, the appellate courts have so far unanimously interpreted the current wording of section 831.4, subdivision (b) to apply full immunity to any trail, paved or unpaved. *Armenio* and *Carroll* have held that a bicycle path (or bikeway) qualifies as a trail under subdivision (b). The California Supreme Court has denied review of *Carroll*. It is, therefore, up the Legislature to determine if there are public policy considerations that might justify something less than full immunity, and, if so, whether section 831.4 should be amended.

## 5. *Correctness of Carroll*

Appellant contends that *Carroll* was wrongly decided, based on arguments we have already covered in parts 3 and 4, *ante*. Additionally, he claims *Carroll* will lead to "anomalous future results" because it gives a governmental entity the incentive to call anything it wishes a "trail" in order to qualify for section 831.4 immunity. That argument is without merit. An object is what it is. For example, an adjacent parking lot does not become a trail by the simple expedient of calling it a trail. The design and use will control what an object is, not the name.

## DISPOSITION

The judgment is affirmed.

Boren, P. J., and Zebrowski, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 14, 1999. Kennard, J., was of the opinion that the petition should be granted.