Filed 8/24/23  Kane v. City of Los Angeles CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MITCHEL CURTIS KANE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF LONG ANGELES, <br><br> Defendant and Respondent. | B318924 <br><br> (Los Angeles County Super. Ct. No. 20STCV02093) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Audra M. Mori, Judge.  Affirmed.

K & L Associates, Karin Mayelan, and Liana Ter-Oganesyan for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Scott Marcus, Chief Assistant City Attorney and Timothy Martin, Deputy City Attorney, for Defendant and Respondent.

_____

Mitchel Curtis Kane appeals from a judgment entered after the trial court granted the summary judgment motion filed by the City of Los Angeles (City). Kane sued the City for a dangerous condition of public property after he fell off his bicycle while riding over an uneven asphalt section of the Sepulveda Basin Bikeway (Bikeway). The court agreed with the City that it enjoyed absolute immunity under the trail immunity defense, which grants immunity to public entities for injuries sustained on public trails that provide access to or are used for recreational activities, including "riding." (Gov. Code, § 831.4.)[1]

On appeal, Kane contends there is a triable issue of fact whether the Bikeway constitutes a trail under section 831.4, subdivision (b), because the Bikeway is on a sidewalk that is also used by pedestrians to access a bus stop and cross the street. As we concluded in *Hartt v. County of Los Angeles* (2011) 197 Cal.App.4th 1391, 1399-1400 (*Hartt*), however, the fact a recreational trail is also used for a non-recreational use does not defeat immunity under section 831.4, subdivision (b). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Bikeway, the Accident, and Kane's Lawsuit*

The Bikeway consists of paved bike paths that run along the perimeter of the Sepulveda Basin Recreation Area (Recreation Area) in the Encino area of Los Angeles.[2] The Bikeway runs adjacent to Victory Boulevard on the north, White

---

[1]    Further undesignated statutory references are to the Government Code.

[2]    The facts are undisputed except where noted.

2

Oak Avenue on the west, Burbank Boulevard on the south, and Woodley Avenue on the east.  A portion of the Bikeway runs along Balboa Boulevard in a north-south direction in the middle of the Recreation Area, between Burbank and Victory Boulevards.  A publicly available map on the City's Department of Recreation and Parks website depicts the portion of the Bikeway where Kane's accident occurred.[3]



The Bikeway is closed to vehicular traffic and is used by cyclists, pedestrians, joggers, and inline skaters.  The Bikeway also provides access to various recreational activities within the

---

[3]     The City submitted the map as an exhibit in support of its summary judgment motion.

Recreation Area.  It is undisputed the Bikeway is a Class I bikeway as defined by the Streets and Highway Code section 890.4, subdivision (a), designated for the exclusive use of bicycles and pedestrians.

On October 7, 2018 Kane rode his bicycle on the Bikeway starting at the Balboa Golf Course along Burbank Boulevard and then northward adjacent to Balboa Boulevard.  When he reached a point on the Bikeway adjacent to the golf course across from the Balboa Sports Center, Kane's bicycle hit an uneven, asphalt-patched portion of the Bikeway, which caused him to fall off his bicycle.

Following the accident, Kane filed this action against the City alleging negligence and premises liability based on a dangerous condition of public property under section 835 and failure to warn pursuant to section 830.8.

B.     *The City's Motion for Summary Judgment*

On August 24, 2021 the City filed a motion for summary judgment or in the alternative summary adjudication, arguing it was immune from suit based on trail immunity pursuant to section 831.4.  The City noted Kane admitted the accident occurred "on the bicycle path located at or about northbound Balboa Boulevard on the east side of the street" between Burbank and Victory Boulevards, adjacent to the Lake Balboa park complex.  The City argued that under *Farnham v. City of Los Angeles* (1998) 68 Cal.App.4th 1097, 1100-1103 (*Farnham*), the Bikeway is a Class I bikeway as defined by Streets and Highway Code section 890.4, subdivision (a), and therefore it constitutes a trail under section 831.4, subdivision (b).  The City added that the use of the trail for dual purposes (recreational and non-

4

recreational purposes) did not defeat trail immunity, citing to our decision in *Hartt, supra*, 197 Cal.App.4th at pages 1399 to 1400.

In support of its motion, the City submitted the declaration of Wayne Neal, the acting principal grounds maintenance supervisor and former senior park maintenance supervisor for the City's Department of Recreation and Parks, Valley Region. Neal was responsible for overseeing the maintenance of the recreational facilities and paths within the Recreation Area. Neal confirmed that bicyclists and other recreational users (pedestrians, joggers, and inline skaters) used the Bikeway and it was closed to vehicular traffic.

In his opposition, Kane did not dispute he was riding on the Bikeway the day of the incident or that the Bikeway is a Class I Bikeway. However, Kane asserted that because the Bikeway was on a sidewalk that also provided pedestrian access from Victory Boulevard to Burbank Boulevard and a nearby Los Angeles Department of Transportation bus stop, it was not a trail under section 831.4, subdivision (b). In support of his position, Kane submitted a declaration from his attorney Liana Ter-Oganesyan, attaching "a true and correct copy of a photo of the location where the incident occurred," purporting to show the bus stop adjacent to the Bikeway.

With its reply, the City filed objections to Kane's evidence, including the photograph attached to Ter-Oganesyan's declaration and excerpts from a transcript purporting to be from Neal's deposition, for lack of foundation and authentication.[4]

---

[4] Kane relied on a portion of a transcript identified as taken from Neal's deposition (but without a court reporter certification) in which the deponent stated the "most sensible" route to go from

5

C.    *The Trial Court's Ruling and Entry of Summary Judgment*

After a hearing, on November 10, 2021 the trial court granted the City's motion for summary judgment in a nine-page written ruling, concluding trail immunity barred Kane's claim against the City as a matter of law.  The court sustained the City's evidentiary objections to the photograph showing a bus shelter adjacent to a park and the deposition testimony.  The court reasoned that under *Farnham, supra,* 68 Cal.App.4th at page 1100, the Bikeway was a Class I bikeway, and further, it did not qualify as a street or highway because it was closed to vehicular traffic.  The court held that even if the Bikeway could be used by pedestrians for non-recreational purposes (including to access the street or bus stop), under our decision in *Hartt, supra*, 197 Cal.App.4th at pages 1399 to 1400 and *Burgueno v. Regents of University of California* (2015) 243 Cal.App.4th 1052, 1061, a recreational trail used for "mixed use[s]" does not defeat the City's right to immunity under section 831.4.

On December 15, 2021 the trial court entered judgment in favor of the City.  Kane timely appealed.

## DISCUSSION

A.    *Standard of Review*

Summary judgment is appropriate only if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c);

---

the corner of Burbank and Balboa Boulevards to Victory Boulevard would be to walk along the bike trail adjacent to Balboa Boulevard.

*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; *Doe v. Roman Catholic Archbishop of Los Angeles* (2021) 70 Cal.App.5th 657, 668.) "'""We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained."' [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party."'" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; accord, *Doe*, at p. 669; *Sabetian v. Exxon Mobil Corporation* (2020) 57 Cal.App.5th 1054, 1068.)

A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853; *Sabetian v. Exxon Mobil Corporation, supra*, 57 Cal.App.5th at p. 1068.) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at p. 850; *Sabetian*, at p. 1069.)

B.    *The Trial Court Properly Granted Summary Judgment Based on Trail Immunity Under Section 831.4, Subdivision (b)*

Section 831.4, subdivision (a), provides that a public entity is not liable for an injury caused by a condition of "[a]ny unpaved road which provides access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water

7

sports, recreational or scenic areas and which is not a (1) city street or highway or (2) county, state or federal highway or (3) public street or highway of a joint highway district, boulevard district, bridge and highway district or similar district formed for the improvement or building of public streets or highways." Section 831.4, subdivision (b), provides the public entity is not liable for an injury caused by the condition of "[a]ny trail used for the above purposes." Under subdivision (b), "a governmental entity has immunity from liability for an injury suffered on any trail used for the purposes of subdivision (a), to wit: access to any recreational or scenic area." (*Farnham, supra*, 68 Cal.App.4th at p. 1100.) Further, as the Court of Appeal explained in *Carroll v. County of Los Angeles* (1997) 60 Cal.App.4th 606, 609 (*Carroll*), "The words 'trail' and 'path' are synonymous. (Rodale, The Synonym Finder (1978) p. 1249.) Webster's Collegiate Dictionary (10th ed. 1995) at page 1251 defines a trail as 'a marked or established *path* or route. . . .'" (Italics added.) The Bikeway therefore falls within the definition of a trail under section 831.4, subdivisions (a) and (b) (as a path for "riding"), providing full immunity to the City.

In *Farnham*, the Court of Appeal considered whether the Bikeway at issue here is a trail under section 831.4, subdivision (b). There, Daniel Farnham was riding his bicycle on the Bikeway when a portion of the outer pavement gave way, causing him to fall. (*Farnham, supra*, 68 Cal.App.4th at p. 1099.) The Court of Appeal affirmed the trial court's grant of the City's motion for judgment on the pleadings based on trail immunity, explaining, "Regardless of the fact that a bicycle path may come under the broad brush of being part of the streets and highway system in general, a Class I bikeway does not qualify as a street

8

or highway." (*Id*. at p. 1101.) The court added that under section 831.4, subdivision (b), a public entity has full immunity for the purposes enumerated in subdivision (a), including "access to recreational areas." (*Farnham*, at p. 1101; see *Carroll, supra*, 60 Cal.App.4th at p. 607 [class I bicycle path qualified as a trail under section 831.4]; *Armenio v. County of San Mateo* (1994) 28 Cal.App.4th 413, 418 [trail intended to be used for hiking and bicycle riding was a recreational trail under section 831.4].)

Kane contends that even though the Bikeway is used for recreational purposes (and that he was riding his bicycle on the Bikeway at the time of the accident), the City was not entitled to trail immunity because pedestrians use the bike path to cross Balboa Boulevard and to access a nearby bus stop.[5] However, we and other courts have rejected the argument that dual (or mixed) use of a recreational trail defeats trail immunity. (See *Hartt, supra*, 197 Cal.App.4th at pp. 1399-1400; see also *Burgueno v. Regents of University of California, supra*, 243 Cal.App.4th at pp. 1060-1061 [Regents was entitled to immunity under section 831.4 with respect to bikeway used for commuting to campus and recreation, rejecting the argument "that the use of a trail for both recreational and non-recreational purposes precludes trail immunity under section 831.4"]; *Montenegro v. City of Bradbury* (2013) 215 Cal.App.4th 924, 932 ["the fact that a trail has a dual use—recreational and non-recreational—does not undermine section 831.4, subdivision (b) immunity"].) Kane does

---

[5] As we discuss below, there is no evidence in the record there is a bus stop near the Bikeway, but it is a reasonable inference pedestrians would use the Bikeway for other purposes given that it is adjacent to Balboa Boulevard.

not cite any authority to the contrary (or address *Hartt* and its progeny).

In *Hartt*, Steven Hartt was riding his bicycle on a road in a park that connected the upper and lower areas of the park, when he was killed in a collision with a county-owned vehicle driving in the opposite direction. (*Hartt, supra*, 197 Cal.App.4th at p. 1393.) Hartt's survivors filed a wrongful death action against the county based on an alleged dangerous condition on the road. (*Id.* at pp. 1393-1394.) The trial court granted the county's summary judgment motion, finding the county was immune from suit based on trail immunity under section 831.4, subdivision (b), in light of the undisputed facts that the trail was used for recreational purposes. (*Id.* at p. 1398-1400.) We affirmed, acknowledging the trail had mixed uses (for recreation and maintenance access), explaining "this dual or mixed use" did not circumvent immunity under section 831.4. (*Id.* at p. 1400.) We reasoned, "'As the Legislature has seen fit to provide immunity for any trail "used for" recreational purposes—and the undisputed evidence showed that this one was—the trial court correctly adjudicated the issue of trail immunity.'" (*Ibid.*) We added with respect to the Legislature's intent in enacting section 831.4 that "[i]f public entities cannot rely on the immunity for recreational trails, they will close down existing trails and perhaps entire parks where those trails can be found." (*Ibid.*)

Here, as in *Hartt*, it is undisputed that the Bikeway is used for recreational activities. Neal attested to the fact the Bikeway is closed to vehicular traffic and is used by bicyclists, joggers, inline skaters, and pedestrians. And Kane admitted he was riding his bicycle on the Bikeway when the accident occurred.

10

Kane alternatively contends trail immunity under section 831.4 should not apply here because the City had a commercial incentive to keep the Bikeway open to provide a path for pedestrians to access the bus stop.  As a threshold matter, there is no evidence in the record that there is a bus stop adjacent to the Bikeway.  Kane does not contend on appeal that the trial court's evidentiary ruling sustaining the City's objection to the photograph of the bus stop was in error, thereby forfeiting any challenge to the evidentiary ruling on appeal.  (*Villanueva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1197; *Roe v. McDonald's Corp.* (2005) 129 Cal.App.4th 1107, 1114.)

Further, we deny Kane's request to take judicial notice of the location of a purported bus stop adjacent to where the accident occurred on the Bikeway.  Although a court may take judicial notice of facts and propositions "that are of such common knowledge . . . that they cannot reasonably be the subject of dispute" or are "capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy" (Evid. Code, § 452, subds. (g), (h)), Kane does not explain how the location of a bus stop near the accident location is common knowledge or can be determined by looking at sources of indisputable accuracy.  Kane argues we can look at an "ordinary map" to confirm the presence of a bus stop, but he does not present any such map with his request.  Further, the two maps in the record do not show a bus stop at the location of the accident (including the map attached to Neal's declaration and exhibit 3 to Kane's deposition transcript on which Kane pointed to the accident location).

Kane's reliance on *Treweek v. City of Napa* (2000) 85 Cal.App.4th 221 (*Treweek*) and *Garcia v. American Golf Corp.*

11

(2017) 11 Cal.App.5th 532 (*Garcia*) is misplaced. In *Treweek*, the Court of Appeal concluded a boat ramp connecting a city dock to the water did not qualify as a trail within the meaning of section 831.4, subdivision (b), based simply on the fact it connected the shore to the water where recreational activities occurred. (*Treweek*, at p. 232.) The court agreed with *Farnham*, *Armenio*, and *Carroll* that a paved bike "path" is a "trail" subject to immunity under section 831.4, but it distinguished a boat "ramp," which is not synonymous with a trail. (*Treweek*, at p. 232.) The court explained, "It is . . . one thing to say that a bike path is a 'trail' within the meaning of the statute and quite another to say a ramp is also such a 'trail.' 'Path' is a synonym for 'trail' [citations], but 'ramp' is not." (*Ibid*.) The court concluded the boat ramp was not subject to immunity under section 831.4, reasoning there was no evidence the ramp was an "integral part of an immunized 'trail,'" and further, because commercial and recreational users used the ramp, there may be financial incentives to keep the ramp open. (*Treweek*, at p. 234.)

*Garcia* is likewise inapposite. There, the court held trail immunity did not apply to a dangerous condition on a commercially operated golf course that resulted in a golf ball hitting a child on a stroller on an adjacent trail. (*Garcia, supra,* 11 Cal.App.5th at p. 535-536.) The court explained, "The plain language of section 831.4 provides immunity for injuries caused by dangerous conditions of trails, but it does not provide immunity for injuries caused by dangerous conditions of adjacent public properties [(the golf course)]." (*Id*. at p. 543.) As part of its analysis of whether trail immunity should extend to the adjacent public property that is not a trail (the golf course), the court considered the policy considerations for applying trail immunity,

12

explaining "it is not likely that liability will cause City to close the trail given that the golf course generates revenues that can pay for maintenance and judgments. . . . Rather than prompting the closure of trails that . . . are adjacent to publicly owned golf courses, liability will prompt such golf courses to take corrective action in a manner consistent with the accepted and expected methods of managing golf courses." (*Id*. at p. 545.)

In contrast to the boat ramp in *Treweek* and the golf course in *Garcia*, the Bikeway was a path (and thus a trail) specifically used for "riding," thereby falling within the plain language of section 831.4. Kane cites no support for the proposition that the statute imposes an additional requirement that we consider whether financial incentives negate the immunity that otherwise applies.

## DISPOSITION

The judgment is affirmed.


FEUER, J.

We concur:


SEGAL, Acting P. J.


MARTINEZ, J.


13