Filed 5/30/25; Certified for Publication 6/18/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| RHONNA TINDALL et al., | C099205 |
| Plaintiffs and Appellants, | (Super. Ct. No. CU20085052) |
| v. | |
| COUNTY OF NEVADA, | |
| Defendant and Respondent. | |

Rhonna Tindall was walking in a parking lot owned by the County of Nevada (County) when she slipped on a layer of ice and injured her knee. Tindall sued for damages, alleging the icy parking lot was a dangerous condition of public property within the meaning of Government Code[1] sections 830 and 835. The trial court granted the County's motion for summary judgment, ruling it was entitled to the "weather immunity"

---

[1] Undesignated statutory references are to the Government Code.

1

articulated in section 831, which provides in part that a public entity is not liable for "an injury caused by the effect on the use of streets and highways of weather conditions as such." (§ 831.)

On appeal, Tindall contends the trial court erred in granting summary judgment because (1) section 831 immunity does not apply to parking lots, (2) even if section 831 immunity does apply to parking lots, it does not apply here because the dangerous condition resulted from a combination of weather with other factors, and (3) the County did not carry its burden to show a reasonably careful person would have anticipated the potential existence of slippery ice in the parking lot. We conclude the first argument is unpersuasive and the others are forfeited on appeal. Accordingly, we affirm.

BACKGROUND

One evening in November 2019, Tindall slipped on a layer of ice as she walked to her car in the parking lot of the County jail where she worked. The parking lot—owned and maintained by the County, and used by both the public and people who work at the jail—had been snowplowed the previous day.

Under the supervision of County sheriff deputies, jail inmates routinely applied salt/snowmelt to high-traffic sidewalk areas around the jail. And if someone complained about specific patches of ice or snow on the grounds, including in the parking lot, sheriff officials sometimes instructed inmates to apply additional salt/snowmelt or did it themselves, but sheriff officials believed that ice and snow removal in the parking lot generally was the responsibility of County facilities maintenance staff.

When Tindall arrived at work on the morning of the day she slipped, she could see the footprints that her snow boots made because there was fresh snow on the sidewalk. She wore snow boots because she believed they made it safer to walk through the snow. During her lunch break that day, Tindall changed into her snow boots to take a walk around the building. On that walk, she noticed the snow in the parking lot had started to melt.

2

When Tindall left work just after 6:00 p.m., the sun had already set, and it was very cold. She could feel and hear the salt crunching beneath her feet as she walked on the sidewalk toward the parking lot. No salt or ice melting chemicals had been spread on the ground in the area of the parking lot where Tindall fell. Tindall had to have surgery on the knee that was injured when she fell.

In December 2020, Tindall sued the County, alleging the icy parking lot was a dangerous condition of public property within the meaning of sections 830 and 835. She alleged the dangerous condition was caused by four wrongful acts or omissions: (1) failure to remove the ice and snow from the parking lot, (2) allowing the ice and snow to accumulate in the parking lot without any salt or sand to prevent people from slipping, (3) failing to warn people that ice had accumulated, and (4) failing to add sand and/or salt to the parking lot "while at the same time adding sand and/or salt to . . . parts of the sidewalk . . . so as to thereby mislead . . . members of the public that sand and/or salt had been added to . . . the parking lot."

The County filed a motion for summary judgment on six distinct grounds, including (1) ice and snow in the parking lot did not constitute a dangerous condition of public property, (2) the County did not have actual or constructive notice of the alleged dangerous conditions, and (3) immunity under section 831.

At oral argument on the County's motion, Tindall did not dispute that the ice she slipped on was an effect of weather conditions.

In May 2023, the trial court granted summary judgment, ruling the County was entitled to immunity because the parking lot where Tindall fell was a " 'street' or 'highway' within the meaning of" section 831 in light of other California statutes that defined " 'streets' and 'highways' in the broadest possible terms." Regarding a different element of section 831 immunity, the trial court ruled the County made a sufficient showing that a reasonably careful person using the parking lot would have "anticipated . . . the potential existence of slippery ice." The trial court did not consider

3

the County's five additional asserted bases for summary judgment. Tindall filed a timely appeal.[2]

DISCUSSION

I

*Legal Background*

A.    *Standard of Review*

Summary judgment is appropriate when all the papers submitted show there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment provides courts with a mechanism to cut through the parties' pleadings to determine whether trial is in fact necessary to resolve a dispute. A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense. Once the moving defendant has met its initial burden, the burden shifts to the nonmoving plaintiff to show that a triable issue of material fact exists. A triable issue of material fact exists if the evidence reasonably permits the trier of fact to find the contested fact in favor of the plaintiff in accordance with the applicable standard of proof. (*Maksimow v. City of South Lake Tahoe* (2024) 106 Cal.App.5th 514, 520-521 (*Maksimow*).)

We review an order granting summary judgment de novo and the trial court's rationale for granting summary judgment is not binding on us. (*Maksimow*, *supra*, 106 Cal.App.5th at pp. 521-522.) But because we presume the trial court's judgment is correct, Tindall has the burden to demonstrate reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; see *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 869 ["Since [appellant] has not clearly demonstrated that the

---

[2] In January 2025, the California State Association of Counties filed an amicus curiae brief to which no party filed an answer.

4

trial court erred, we reject the claim for this reason alone"], superseded by statute on other grounds as stated in *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 477-478.)

### B. *Government Claims Act*

"Except as otherwise provided by statute: [¶] (a) A public entity is *not* liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person"; and "(b) [t]he liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute . . . and is subject to any defenses that would be available to the public entity if it were a private person." (§ 815, italics added.)

One exception to section 815's default rule of public entity immunity from a civil action for damages is found in section 835, which provides: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

A " 'dangerous condition' " is "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).)

5

Section 831 articulates "the so-called weather immunity defense." (*Allyson v. Department of Transportation* (1997) 53 Cal.App.4th 1304, 1306 (*Allyson*).) It provides, in relevant part: "Neither a public entity nor a public employee is liable for an injury *caused by the effect on the use of streets and highways of weather conditions as such.* Nothing in this section exonerates a public entity or public employee from liability for injury proximately caused by such effect if it would not be reasonably apparent to, and would not be anticipated by, a person exercising due care." (§ 831, italics added.)

C.      *Selected Statutes Defining the Word "Street"*

Vehicle Code section 590[3] defines "street" as a "way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." Government Code section 65002[4] defines "street" as "includ[ing] street, highway, freeway, expressway, avenue, boulevard, parkway, road, lane, walk, alley, viaduct, subway, tunnel, bridge, public easement and right-of-way, and other ways."

D.      *Legislative Intent Behind Section 831*

The bill enacting section 831 was recommended by the California Law Revision Commission (Commission), which published a recommendation relating to Sovereign Immunity, Number 1—Tort Liability of Public Entities and Public Employees (Jan. 1963) 4 California Law Revision Commission Report (1963) pages 801-886 (4 Cal. Law Revision Com.). When, as here, the Legislature adopts a Commission recommendation without change, we give the Commission's report substantial weight in interpreting the statute. (*Gund v. County of Trinity* (2018) 24 Cal.App.5th 185, 199; compare 4 Cal. Law Revision Com., *supra*, at pp. 851-852 with Stats. 1963, ch. 1681, p. 3273, § 1.)

---

[3] The statute is in Division 1 (Words and Phrases Defined) of the Vehicle Code.

[4] The statute is in Division 1 (Planning and Zoning) of Title 7 (Planning and Land Use) of the Government Code.

6

The Commission's comment to section 831 states: "This section may be unnecessary in view of the other provisions of this chapter setting forth the conditions of liability for dangerous conditions of public property. Nonetheless, it is included to forestall unmeritorious litigation that might be brought in an effort to hold public entities responsible for injuries caused by weather." (4 Cal. Law Revision Com., *supra*, at p. 852.)

## II

### *Analysis*

Tindall contends the trial court erred in granting summary judgment because (1) section 831 immunity does not apply to parking lots, (2) even if section 831 immunity does apply to parking lots, it does not apply here because the dangerous condition resulted from a combination of weather with other factors, and (3) the County did not carry its burden to show a reasonably careful person would have anticipated the potential existence of slippery ice in the parking lot. The first argument is unpersuasive and the others are forfeited on appeal.[5]

A.   *Section 831 Immunity Applies Here*

1.   *Liberal or Strict Construction?*

Tindall argues section 831 should be strictly construed because it is a well-settled principle of law that statutory exceptions must be strictly construed and section 831 is an exception to the general rule of liability for injury caused by a dangerous condition of

___

[5] The parties had the opportunity to brief forfeiture, a rule always implicated when a party raises in the reviewing court an argument that was insufficiently preserved in the trial court. (See *People v. Alice* (2007) 41 Cal.4th 668, 679 ["The parties need only have been given an opportunity to brief the issue decided by the court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of [Government Code] section 68081"].)

7

public property articulated in section 835 ("Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if . . .").

Tindall misidentifies the relevant general rule and the relevant exception. "Except as otherwise provided by statute," a public entity "is *not* liable for an injury." (§ 815, italics added.) Immunity is the general rule (§ 815) and liability for dangerous conditions of public property (§ 835) is the exception. (See *Allyson*, *supra*, 53 Cal.App.4th at p. 1313 [§ 815's "language is plain," "unambiguous," and "clearly intended to ensure that applicable immunity provisions of the Tort Claims Act will prevail over its liability provisions"].) Accordingly, Tindall's contention that section 831 should be strictly construed is unpersuasive.

### 2. *Farnham v. City of Los Angeles*

Tindall contends parking lots "are for parking" whereas streets "are for vehicles moving from one place to another," and urges us to reject the County's effort to "expand weather immunity beyond [the] plain meaning" of section 831, just as the appellate court in *Farnham v. City of Los Angeles* (1998) 68 Cal.App.4th 1097 (*Farnham*) rejected "the same style of argument."

At issue in *Farnham* was the proper construction of section 831.4, a statute that at the time contemplated public entity immunity for: injury caused by a condition of "any unpaved road" that both provided access to outdoor recreational activities like fishing and hiking and was not a "public street or highway" (§ 831.4, subd. (a)); injury caused by "[a]ny trail used for" the recreational purposes articulated in subdivision (a) (§ 831.4, subd. (b)); and injury caused by "[a]ny paved trail" acquired by easement that provided access to unimproved property (§ 831.4, subd. (c)). (*Farnham*, *supra*, 68 Cal.App.4th at pp. 1099-1100.) Invoking sections of the Streets and Highways Code, a bicyclist who was injured when riding a bike on a paved bike path argued the path was not subject to recreational trail immunity under section 831.4 because it was part of the public streets and highways. (*Farnham*, at pp. 1100-1101.)

8

The appellate court rejected the bicyclist's Streets and Highways Code argument by looking to the Vehicle Code: "Regardless of the fact that a bicycle path may come under the broad brush of being part of the streets and highway system in general," the type of path the bicyclist was riding on "d[id] not qualify as a street or highway," because "a street or highway is open to the public for vehicular travel" (Veh. Code, §§ 360, 590) and "[a] bicycle is not considered a vehicle" (Veh. Code, §§ 231, 670). (*Farnham*, *supra*, 68 Cal.App.4th at p. 1101.) Tindall suggests this discussion in *Farnham* indicates courts should reject arguments "based on selected excerpts from other code sections to extrapolate" what constitutes a street or highway under section 831.

On the contrary, *Farnham* indicates that when construing the Government Claims Act, courts properly may consider the interplay of Government Code immunity provisions with definitions found in other codes, a proposition that finds support in the case law. (See *Allyson*, *supra*, 53 Cal.App.4th at pp. 1306, 1314-1315, 1322 [affirming summary judgment for a public entity on a claim that it was responsible for the dangerous condition that caused a car accident by considering provisions of the Government Code and the Streets and Highways Code "in combination," and determining the public entity had no "duty to perform any kind of maintenance" on the stretch of highway where plaintiff was injured]; *In re Marriage of Colvin* (1992) 2 Cal.App.4th 1570, 1580 ["statutes should be construed in harmony with other statutes covering the same general subject, even when interpreting provisions in different codes"]; *Diachenko v. State of California* (1981) 123 Cal.App.3d 932, 935-938 [considering Civ. Code, § 1915's definition of "interest" to determine the meaning of the word "interest" in a provision of the Revenue and Taxation Code].) Accordingly, Tindall's reliance on *Farnham* is misplaced.

### 3. *Case Law from Other Jurisdictions*

Tindall contends out-of-state case law provides persuasive authority for the proposition that the parking lot where she was injured is not a "street" or "highway" under section 831. The County contends numerous out-of-state cases support the application of weather immunity to parking lots. We need not wade into this debate. "Cases from other jurisdictions, turning as they do, on the . . . statutes and precedents of those states are of little help in determining our own problems in this field. We regard them as unpersuasive and need not consider them in this opinion." (*County of Santa Barbara v. City of Santa Barbara* (1976) 59 Cal.App.3d 364, 372; see *Seahaus La Jolla Owners Assn. v. Superior Court* (2014) 224 Cal.App.4th 754, 772, fn. 7 ["We need not rely on out-of-state law, as California law is sufficient"].)

### 4. *Section 831 Immunity Applies*

We agree with the trial court that the parking lot where Tindall fell is a "street" within the meaning of section 831, largely because Vehicle Code section 590 defines the word "street" as "a way or place *of whatever nature*, publicly maintained and open to the use of the public for purposes of vehicular travel." (Veh. Code, § 590, italics added.)

Tindall's effort to distinguish parking lots as places "for parking" and "not as a path of travel from one place to another" ignores reality. Parking lots are both. Typically, one drives a car into and through a parking lot; maneuvers the car into a clearly designated parking space; then gets out of the parked car and walks through the parking lot to an ultimate destination, be it a supermarket, courthouse, or doctor's office. Thus, parking lots are places for purposeful travel—both by vehicle and by foot. As it is undisputed that the parking lot here was open for public use and owned and maintained by the County, it follows that the parking lot here was a "place . . . publicly maintained and open to the use of the public for purposes of vehicular travel." (Veh. Code, § 590.)

And since we can consider the Vehicle Code's definition of "street" when determining the meaning of that same word in the Government Claims Act (*Farnham*,

10

*supra*, 68 Cal.App.4th at p. 1101; *In re Marriage of Colvin*, *supra*, 2 Cal.App.4th at p. 1580; *Diachenko v. State of California*, *supra*, 123 Cal.App.3d at pp. 935-938), we conclude that because a parking lot is a "street" within the meaning of Vehicle Code section 590, it is also a street within the meaning of section 831.

Accordingly, the County is not liable for Tindall's "injury caused by the effect on the use of" the County parking lot "of weather conditions as such." (§ 831.) As it is undisputed that the patch of ice in the parking lot where Tindall slipped and fell was an effect of weather conditions, the County is not liable for Tindall's injury.

Our conclusion is consistent with section 65002's definition of "street" as including "walk . . . public easement and right-of-way, *and other ways*" (italics added) and with the legislative intent behind section 831: protecting public entities from liability "for injuries caused by weather" when those injuries allegedly are the result of dangerous conditions of public property (4 Cal. Law Revision Com., *supra*, at p. 852). Accordingly, section 831 immunity applies here.[6]

---

[6] We note that the trial court relied principally on Vehicle Code section 590 in ruling that a parking lot is a "street" for purposes of weather immunity and Tindall does not discuss the statute in her appellate briefing. It is not our role to fill that silence. (Cf. *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910 ["The affirmative burden lies with [appellant] at this stage, yet he makes no attempt to explain the defects in the trial court's conclusion, leaving us 'to "guess" how [he] believes the trial court erred' "].)

We also note that while the parties disputed in the trial court the extent to which the relevant County facilities maintenance employee believed it was his responsibility to inspect and treat snow/ice conditions in the parking lot where Tindall fell, that dispute is immaterial to the grounds on which the trial court granted summary judgment and the grounds on which we affirm. (See *Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 167 ["the fact there may be *some* disputed facts relevant to the merits of the underlying action does not by itself defeat a motion for summary judgment"].)

11

B.      *Weather in Combination with Solar Panels in the Parking Lot*

Tindall contends section 831 does not apply where, as here, "the weather effect combines with other factors which created the dangerous condition."  Specifically, she argues that solar panels in the parking lot constituted a unique physical characteristic that facilitated the accumulation of ice in shaded areas, thereby creating a dangerous condition.  She cites *Erfurt v. State of California* (1983) 141 Cal.App.3d 837 for support and the County's counsel raised the case during oral argument.  In that case, the plaintiff was driving on a freeway when the sun suddenly shone directly into her eyes as she reached the crest of an uphill climb.  Because she could not see, the plaintiff was unable to stay in her lane and struck a guardrail.  The plaintiff sued the state, and a jury determined the state was 60 percent responsible for the accident.  (*Id.* at pp. 840-841.)

The appellate court rejected the state's contention that section 831 weather immunity applied for "three independent reasons."  (*Erfurt*, *supra*, 141 Cal.App.3d at p. 845.)  First, there was sufficient testimony in the case that "given the nature of the incline on which plaintiff was driving, the blinding sun could not be anticipated, nor was reasonably apparent."  (*Ibid.*)  That implicated the second sentence of section 831: "Nothing in this section exonerates a public entity or public employee from liability for injury proximately caused by such effect if it would not be reasonably apparent to, and would not be anticipated by, a person exercising due care."  Second, the dangerous condition in the case "was not merely the effect of blinding sunlight on a public highway, but the effect of blinding sunlight combined with improper" design of the highway. (*Erfurt*, at pp. 845-846.)  Third, "the rising of the sun resembles more a fixed aspect of nature than it does fog, wind, rain, flood, ice or snow, none of which are absolutely certain to be present in a certain place or time."  (*Erfurt*, at p. 846.)  Thus, the *Erfurt* case is clearly distinguishable from the case at bar.

12

As the County pointed out in the trial court and as noted during oral argument, Tindall advanced this theory about the unique physical characteristic of the solar panels for the first time in her opposition to the County's motion. Tindall could not have successfully resisted summary judgment on a theory not pled. (*Maksimow*, *supra*, 106 Cal.App.5th at p. 521.) It follows that Tindall cannot successfully argue on appeal that summary judgment should be reversed because of a theory not pled. (See *Johnson v. The Raytheon Co., Inc.* (2019) 33 Cal.App.5th 617, 626, 636 [affirming summary judgment in a personal injury action in part because plaintiff raised in his opposition to the motion for summary judgment "a new duty not previously alleged"]; *ibid.* [if evidence of the party opposing summary judgment " 'would show some factual assertion, legal theory, defense or claim not yet pleaded, that party should seek leave to amend the pleadings before the hearing on the summary judgment motion' "]; cf. *Hi-Desert Medical Center v. Douglas* (2015) 239 Cal.App.4th 717, 720, 726, 729, 731 [affirming the trial court's ruling on the merits of a dispute by invoking "traditional forfeiture" principles and explaining that a party could not advance arguments it failed to preserve before the trial court made its ruling].) Accordingly, this argument is forfeited on appeal.

    C.    *The Reasonably Careful Person*

Tindall argues the trial court erred in finding no material dispute that a reasonably careful person would have anticipated the presence of ice in the parking lot. This argument is forfeited on appeal because Tindall raised it for the first time in oral argument on the County's motion. That is not sufficient to preserve the issue for appellate review. (See *Rancho Pauma Mutual Water Co. v. Yuima Municipal Water Dist.* (2015) 239 Cal.App.4th 109, 118-119 [raising an issue for the first time at oral argument in the trial court "in a case involving numerous documents," is "insufficient to preserve the issue" for appeal]; cf. *Clark v. Optical Coating Laboratory, Inc.* (2008) 165 Cal.App.4th 150, 172, fn. 17 [litigants "preserved [an] issue for appellate review, if only barely," where—in addition to a comment on that issue during oral argument in the trial

court—they argued the issue in a request for judicial notice made in connection with a responsive pleading].)

DISPOSITION

The judgment is affirmed.  The County is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


            /s/
            BOULWARE EURIE, J.



We concur:



    /s/
KRAUSE, Acting P. J.



    /s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 6/18/25

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| RHONNA TINDALL et al., | C099205 |
| Plaintiffs and Appellants, | (Super. Ct. No. CU20085052) |
| v. | |
| COUNTY OF NEVADA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Nevada County, Robert Tice-Raskin, Judge. Affirmed.

Mastagni Holstedt, David P. Mastagni, and Grant A. Winter for Plaintiffs and Appellants.

Porter Scott, Carl L. Fessenden, Matthew W. Gross; Katharine L. Elliott, County Counsel, Trevor Koski, Deputy County Counsel, for Defendant and Respondent.

Tony LoPresti, County Counsel, Elizabeth G. Pianca, Assistant County Counsel, John A. Castro and Greg J. Charles, Deputy County Counsel (Santa Clara), for California State Association of Counties as Amicus Curiae on behalf of Defendant and Respondent.

1

The opinion in the above-entitled matter filed on May 30, 2025, was not certified for publication in the Official Reports. For good cause it now appears the opinion should be published in the Official Reports, and it is so ordered.


FOR THE COURT:


_____/s/_____
KRAUSE, Acting P. J.


_____/s/_____
BOULWARE EURIE, J.


_____/s/_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.